IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MELVIN POMPEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:18-cv-966-SRW |
| ) | |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

On October 5, 2015, Plaintiff Melvin Pompey filed applications for a period of disability and disability insurance benefits and for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, alleging that he became disabled on July 1, 2015. The applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued an unfavorable decision dated January 24, 2018. Plaintiff appealed that decision and the Appeals Council denied Plaintiff's request for review on October 18, 2018. The ALJ's decision consequently became the final decision of the

---

[1] Andrew Saul was sworn in as the Commissioner of Social Security on June 17, 2019, and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

Commissioner of Social Security ("Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

The case is now before the court for review of that decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. *See* Docs. 13, 14. Based on review of the parties' submissions, the relevant law, and the record as a whole, the court AFFIRMS the Commissioner's decision.

## II. STANDARD OF REVIEW AND REGULATORY FRAMEWORK[2]

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla," but less than a preponderance, "and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence") (citations omitted). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied.

---

[2] For purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, because that was the version of the C.F.R. in effect at the time Plaintiff filed a claim for benefits. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q.3.

*Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). However, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a person must be unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[3] To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520; 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?

---

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

3

(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?
An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The burden of proof rests on the claimant through step four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–39 (11th Cir. 2004); *see also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant establishes a *prima facie* case of qualifying disability once he or she has carried the burden of proof from step one through step four. At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Phillips*, 357 F.3d at 1238–1239. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242–1243. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy that the claimant can perform. *Id*. at 1239. To do this, the ALJ can use either the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a

---

[4] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

vocational expert ("VE"). *Id*. at 1239–40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Id*. 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was 41 years old at the time he filed his applications for benefits and was 43 years old at the time of the ALJ's decision. R. 30, 179, 187. Plaintiff is a resident of Montgomery, Alabama, and lives in a house with his mother. R. 21, 50. He has four minor children. R. 49. Plaintiff completed school through the eleventh grade. R. 51, 219.

Plaintiff claims that his ability to work is limited by "[h]igh blood pressure, nervous condition, learning condition, possible kidney failure, panic attack, and ADHD-short term memory loss." R. 218. He does not drive because it makes him nervous. R. 50, 54–55. Plaintiff testified that he smokes "just a joint" of marijuana "every day" and that doing this affects his functioning by making him forgetful. R. 64–65. He also testified that he is still forgetful even if he has not used marijuana. R. 65. Plaintiff's past relevant work was as a steam cleaner, industrial cleaner, and groundskeeper. R. 29, 52, 66–67, 219–220.

Following the administrative hearing, and employing the five-step process, the ALJ found at step one that Plaintiff "has not engaged in substantial gainful activity since July 1, 2015, the alleged onset date[.]" R. 17. At step two, the ALJ found that Plaintiff suffers from the following severe impairments:"obesity, adjustment disorder, neurocognitive disorder, substance addiction disorder, hypertension, syncope, sleep apnea, chronic kidney

5

disease, esophagitis, and myalgia[.]" *Id*. At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" *Id*. Next, the ALJ articulated Plaintiff's RFC as follows:

> the claimant has the residual functional capacity to perform light[5] work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant has additional limitations. The claimant can occasionally climb ramps and stairs. He can never climb ladders and scaffolds. The claimant can occasionally balance. The claimant should never work in an environment with unprotected heights or around hazardous, moving mechanical parts. The claimant should never operate a motor vehicle for commercial purposes. He is limited to simple tasks. He can frequently interact with supervisors and coworkers. The claimant can occasionally interact with the public. The claimant is limited to occasional changes in a routine work setting.

R. 20. At step four, based upon the testimony of a VE, the ALJ concluded that Plaintiff "is unable to perform any past relevant work." R. 29. At step five, based upon Plaintiff's age, education, work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as a street cleaner, bagger, and car wash attendant. R. 30–31, 71–72. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from July 1, 2015, through the date of this decision[.]" R. 31.

**IV. DISCUSSION**

Plaintiff's sole assignment of error is that the ALJ "erred in failing to consider" whether his impairments meet or equal Listing 12.05B. Doc. 9 at 3. In finding that

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b); 416.967(b).

Plaintiff's mental impairments did not meet or equal a listed impairment at step three, the ALJ specifically considered Listings 12.02B and 12.04B, but did not make a specific finding as to Listing 12.05B. R. 17–20. The Commissioner argues that the ALJ implicitly found that Plaintiff's mental impairments did not meet or equal Listing 12.05B because the findings that the ALJ made with respect to Listings 12.02B and 12.04B are identical to those that would be made under Listing 12.05B. Doc. 10 at 5. The Commissioner contends that the ALJ's findings are supported by substantial evidence and are inconsistent with a finding that Plaintiff meets or equals Listing 12.05B. Upon review of the ALJ's decision and the record as a whole, the court agrees with the Commissioner in both respects.

A plaintiff is disabled if his impairment meets or equals a Listing. 20 C.F.R. §§ 404.1520(a)(4)(iii) and (d), 416.920(a)(4)(iii) and (d).[6] A claimant's impairment must meet or equal *all* of the specified medical criteria in a particular Listing for the claimant to be found disabled at step three of the sequential evaluation. *Sullivan v. Zebley*, 493 U.S. 521, 530–532 (1990). An impairment manifesting only some of the criteria does not qualify, no matter how severe. *Id.* at 530. It is a claimant's burden at step three to prove disability. *Id.* at 532–533. The burden is a heavy one because "the [L]istings were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Id.* at 532.

Listing 12.05 provides for an award of benefits based on intellectual disability. To meet the severity requirements of Listing 12.05B as relevant to this case, Plaintiff must

---

[6] "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (citing 20 C.F.R. §§ 404.1525(a)–(d)); *see also* 20 C.F.R. §§ 416.925(a)–(d). "To 'equal' a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'"*Wilson*, 284 F.3d at 1224 (citing 20 C.F.R. § 404.1526(a)); *see also* 20 C.F.R. § 416.926(a).

demonstrate (1) a full scale IQ score of 70 or below; (2) significant deficits in adaptive functioning currently manifested by extreme limitation in one, or marked limitation in two, of four broad mental functioning areas; and (3) evidence showing that the disorder manifested before age twenty-two. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.05B. With respect to deficits in adaptive functioning, the four areas of mental functioning that an ALJ should assess are: (a) understanding, remembering, or applying information; (b) interacting with others; (c) concentrating, persisting, or maintaining pace; and (d) adapting or managing oneself. *Id.*

In this case, as noted above, the ALJ did not discuss Listing 12.05B specifically at step three of the sequential evaluation. However, she was not required to do so. *See Flemming v. Comm'r of the Soc. Sec. Admin.*, 635 F. App'x 673, 676 (11th Cir. 2015) (finding that an ALJ is not required to "mechanically recite" the evidence or listings considered at step three)(citing *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986)). As the Eleventh Circuit has explained, an ALJ "is required to consider the Listing of Impairments in making a decision at step three," but the failure to discuss a particular listing "does not necessarily show that the ALJ did not consider [that] listing[]." *Id.* "There may be an implied finding that a claimant does not meet a listing." *Hutchison*, 787 F.2d at 1463. Even where an ALJ did not make a specific finding as to a particular listing, the court "may infer from the record that the ALJ implicitly considered and found that a claimant's disability did not meet a listing." *Flemming*, 635 F. App'x at 676; *see also James v. Comm'r of Soc. Sec. Admin.*, 657 F. App'x 835, 838 (11th Cir. 2016) ("A finding that [claimant] lacked adaptive deficits as required under the introductory paragraph of Listing 12.05 can

be implied from the ALJ's conclusion that [claimant's] prior work experience indicated that she did not have an intellectual disability.").

Here, the ALJ made findings in evaluating Listings 12.02B and 12.04B that are incompatible with a finding that Plaintiff meets or equals Listing 12.05B. That is because Listing 12.05B uses the same criteria for determining deficits in adaptive functioning as those used for evaluating Listing 12.05B. *Compare* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.02B, *and* § 12.04B, *with* § 12.05B (each requiring "[e]xtreme limitation of one, or marked limitation of two, of the following areas of mental functioning," including the ability to (a) understand, remember, or apply information; (b) interact with others; (c) concentrate, persist, or maintain pace; and (d) adapt or manage oneself). The ALJ found that Plaintiff did not meet Listing 12.02B and 12.04B because he has not demonstrated sufficiently severe deficits in adaptive functioning. R. 18–20. Based on these findings, it is clear how the ALJ would have ruled, and did rule, on Listing 12.05B.

The four broad mental functioning areas are rated on a five-point scale consisting of none, mild, moderate, marked, or extreme limitation. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00F2. A mild limitation means a claimant's functioning is "slightly limited," a moderate limitation means a claimant's functioning is "fair," a marked limitation means a claimant's functioning is "seriously limited," and an extreme limitation means a claimant is "not able to function." *See id.*

The ALJ first found that Plaintiff has a moderate limitation in understanding remembering, or applying information. R. 18. This functional area relates to a claimant's "abilities to learn, recall, and use information to perform work activities." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.05E1. The ALJ noted evidence exhibiting that Plaintiff has

9

some limitation in this area such as his reports of learning difficulties, difficulties with memory, history of special education classes and problems in school, and reliance on others to manage his finances. R. 18. However, the ALJ also observed that Plaintiff could go to the store to purchase items and that, on examination, his memory was normal or only mildly impaired. R. 18, 62–63, 341, 345. The ALJ noted Plaintiff's report that he does not need reminders to care for his personal needs or to go places and that he has been able to sustain work in the past. R. 18, 66, 240–242.

Next, the ALJ found that Plaintiff has mild limitation interacting with others. R. 19. This area of mental functioning refers to a claimant's "abilities to relate to and work with supervisors, co-workers, and the public." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.05E2. The ALJ noted that Plaintiff reported that he does not have any problems getting along with family, friends, neighbors or authority figures. R. 19, 243–244. The ALJ also relied on Plaintiff's cooperative behavior during examinations as well as his testimony that he lives with his mother, has a girlfriend, and interacts frequently with friends. R. 19, 50–51, 61, 63–64, 243, 353, 372, 380, 395, 400, 465, 507. Plaintiff has not challenged the ALJ's finding with respect to his ability to interact with others. Doc. 9 at 5–6.

Third, the ALJ found that Plaintiff has moderate limitations concentrating, persisting, or maintaining pace. R. 19. This area of mental functioning refers to a claimant's "abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.05E3. In making this finding, the ALJ considered Plaintiff's reports of anxiety and panic attacks and his diagnosis of adjustment disorder with anxiety. R. 19. However, the ALJ relied on Plaintiff's normal mental status examination findings and observations that he was alert and oriented with fair insight and

judgment. R. 19, 341, 353–54, 404, 408, 412, 416, 502, 516, 523. The ALJ also noted that Plaintiff engaged in activities tending to show that he could maintain concentration such as cooking and watching television. R. 19, 353. Finally, the ALJ relied on the opinion of consultative examiner Lee Stutts, Ph.D., who concluded that Plaintiff was no more than moderately limited in his ability to carry out instructions. R. 19, 355.

Finally, the ALJ found that Plaintiff has a mild limitation in the area of adapting or managing oneself. R. 19. This area of mental functioning refers to a claimant's "abilities to regulate emotions, control behavior, and maintain well-being in a work setting." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.05E4. The ALJ noted Plaintiff's reports of memory problems and his history of non-compliance with taking prescribed medications for his physical impairments. R. 19. The ALJ also noted, however, that Plaintiff can take care of his personal care needs independently and that he appeared "well-nourished" and "appropriately dressed" at his consultative examination with Dr. Stutts. R. 19, 239, 353. The ALJ observed the absence of record evidence demonstrating Plaintiff's any failure to control his temper or inability to work "due to an inability to control his emotions and behavior." R. 19. The ALJ also found no indications in the record of "hallucinations, delusions, or bizarre behavior precluding [Plaintiff's] ability to manage his mental symptoms, adapt to changes, respond to demands, or set realistic goals." R. 19–20.

Based on the above findings, the court finds substantial support in the record for the ALJ's implicit finding that Plaintiff failed to meet or equal Listing 12.05B.[7] Plaintiff

---

[7] Because Plaintiff failed to demonstrate that he meets *all* of the requirements of Listing 12.05B, the court finds it unnecessary to address whether Plaintiff satisfies the other severity requirements in Listing 12.05B—*i.e.*, that he has a qualifying IQ score and evidence of disorder manifestation prior to age twenty-two. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.05B; *see also Sullivan*, 493 U.S. at 530 ("For a claimant

contends that he has marked limitations in the areas of understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; and adapting or managing himself. Doc. 9 at 5–6. He points to evidence in the record showing, *inter alia*, that he has memory problems, took special education classes in school, took excessive amounts of time to answer questions during his consultative examination, has never had a driver's license, and is unable to manage money. *Id*. The ALJ's decision clearly demonstrates that she considered this evidence and either credited it in making her findings or found that the evidence did not show sufficiently severe symptoms to be disabling.

The court is mindful that it is not its role to reweigh the evidence or substitute its judgment for the ALJ's. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Although Plaintiff has pointed to evidence in the record that he contends supports a different result, this is insufficient to warrant remand. *See Sullivan v. Comm'r of Soc. Sec.*, 694 F. App'x. 670, 671 (11th Cir. 2017) (The court cannot "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner."). The court discerns no legal error in the ALJ's consideration of the evidence of record, or in her explanation of the decision. Accordingly, because the Commissioner's decision is supported by substantial evidence and the proper legal standards were applied, the court affirms the ALJ's decision.

## V. CONCLUSION

---

to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.").

The court has carefully and independently reviewed the record. For the reasons given above, the Commissioner's decision will be AFFIRMED. A separate judgment will issue.

DONE, on this the 16th day of October, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge